### HYDRAULIC PRESS BRICK CO. v. STEVENS.

(District Court, N. D. Georgia, N. D. July 30, 1924.)

#### No. 287.

**Trade-marks and trade-names and unfair competition ⬥59(5)—Trade-mark "Hytest," applied to brick, held infringement of trade-mark "Hy-tex."**

Registered trade-mark "Hy-tex," associated for many years with bricks manufactured by plaintiff, *held* to be colorably imitated and infringed by defendant's registered trade-mark "Hytest," applied to similar product.

In Equity. Suit by the Hydraulic Press Brick Company against Stevens, a corporation. Decree for plaintiff.

This is a suit for infringement of plaintiff's registered trade-mark "Hy-tex," which was duly registered in the United States Patent Office June 23, 1914, and has been in use since 1913. During this time the Hydraulic Press Brick Company has sold approximately 1,500,000,000 of bricks under this trade-mark and has spent approximately $250,000 in advertising the same.

The defendant, Stevens, which is a corporation, recently adopted and began to use as a trade-mark for fire brick of its manufacture the word "Hytest," which was registered in the United States Patent Office in

1923. The defendant's pleadings admit all of the material allegations of plaintiff's bill, but set up the following defenses:

(1) That plaintiff's trade-mark "Hy-tex" is a descriptive word, and not entitled to registration.

(2) That plaintiff's trade-mark "Hy-tex" has been used by it on face brick only, and defendant's trademark "Hytest" has been used by it exclusively on fire brick, and that no competition has existed between the brick on which the two marks have been used, and that face brick and fire brick are not goods of the same descriptive properties.

Allen M. Reed, of Chicago, Ill., and Candler, Thomson & Hirsch, of Atlanta, Ga., for complainant.

George & John L. Westmoreland, of Atlanta, Ga., for defendant.

SIBLEY, District Judge (after stating the facts as above). The foregoing case coming on for a hearing, pursuant to rule nisi heretofore issued therein, after hearing the testimony and arguments of counsel, and counsel having stipulated in open court that the court pass on all questions of law and fact and render a final order and decree therein, it is therefore ordered and decreed as follows:

I. The court finds that for many years plaintiff has used as a trade-mark for brick of its manufacture the arbitrary word "Hy-tex." By reason of the use of said name and the products sold thereunder, the name "Hy-tex" has come to denote in the market and among purchasers and consumers of brick the goods manufactured and sold by the complainant company, and that mark was duly registered in the United States Patent Office on June 23, 1914.

II. The court finds that many years after complainant's product, under the trade-mark "Hy-tex," had become known, and after said trade-mark had become identified and associated with plaintiff and its product, and after plaintiff's registration thereof, the defendant put upon the market bricks, which it stamped with the word "Hytest," which the court finds to be a colorable imitation and infringement of complainant's registered trade-mark "Hy-tex"; said infringing mark having been used by the defendant without authority from the plaintiff on goods of the same descriptive properties in commerce among the several states of the United States.

It is therefore adjudged and decreed that the defendant, Stevens, its officers, agents, servants, and employees, be and they are hereby perpetually enjoined and restrained from using or employing in the advertising, offering for sale, or sale of brick, or goods of the same descriptive properties, the colorable imitation "Hytest" of plaintiff's registered trade-mark "Hy-tex," or any other colorable imitation or like word: Provided, however, the defendant shall have 120 days from date of this order within which to sell or dispose of its product now on hand and manufactured by it prior to the granting of this order.

And it is further ordered, adjudged, and decreed that the said complainant, having waived an accounting of profits and damages, do recover of the defendant the sum of $1 and its costs and charges and disbursements in this suit, to be taxed.